**KINGVISION PAY–PER–VIEW, LTD., a Delaware corporation, Plaintiff,**

v.

**ADMIRAL'S ANCHOR, INC. NO. 2, d/b/a The Riverside Anchor and/or The Anchor Bar; and William E. Arthur, Individually, Defendants.**

No. Civ.A. 2:00–0799.

United States District Court, S.D. West Virginia, Charleston Division.

Sept. 19, 2001.

---

Harry F. Bell, Jr., William L. Bands, Bell & Bands, Charleston, West Virginia, for Plaintiff.

William E. Arthur, Charleston, West Virginia, Pro se.

## MEMORANDUM OPINION AND ORDER GRANTING DEFAULT JUDGMENT AND AWARDING DAMAGES

HADEN, Chief Judge.

This is an action alleging unauthorized use of communications in violation of 47 U.S.C. § 605 and unauthorized reception of cable service in violation of 47 U.S.C. § 553. Plaintiff, Kingvision–Pay–Per– · View, Ltd., alleges the Defendants, the

Admiral's Anchor, Inc. No. 2 and William E. Arthur, unlawfully and willfully intercepted and exhibited the Evander Holyfield v. Lennox Lewis professional boxing match on March 13, 1999, for the purpose of commercial advantage and private financial gain, and with full knowledge that the program was not to be received or exhibited without authorization.

Presently before the Court is Plaintiff's motion for judgment by default against Defendants pursuant to Rule 55(b)(2) of the *Federal Rules of Civil Procedure.* On September 17, 2001 came the Plaintiff by counsel, Williams Bands, for an evidentiary hearing on inquiry for unresolved damages. Defendants failed to appear, either individually or by counsel.[1]

Upon careful consideration of the record of this case and the arguments of counsel, the Court **FINDS** Defendants were properly served with the Amended Complaint and have failed to answer or otherwise defend the action and the Clerk has duly entered default against Defendants. The Court further **FINDS** that in light of Defendant's failure to answer the Amended Complaint, there is no genuine issue of material fact to be submitted to the Court and Plaintiff is entitled to judgment by default.

Regarding damages, pursuant to 47 U.S.C. § 605 (unauthorized use of communications), the aggrieved party may recover statutory damages for each violation in a sum not less than $1,000 nor more than $10,000. 47 U.S.C § 605(e)(3)(C)(i)(II). Under 47 U.S.C § 553 (unauthorized reception of cable service), the aggrieved party may recover damages in a sum not less than $250 nor more than $10,000. 47 U.S.C. § 553(c)(3)(A)(ii).

---

1. The Court's security officer was instructed to call both Defendants' names thrice outside the courtroom. That was done and no response occurred. The security officer also checked with other security officers to insure Defendants were not elsewhere in the courthouse.

If the Court finds these statutes were violated "willfully and for purposes of direct or indirect commercial advantage or private financial gain", the Court may award an additional sum, up to $100,000 under § 605 and $50,000 under § 553. *See* 47 U.S.C. § 605(e)(C)(ii) and 47 U.S.C. § 553(c)(3)(B).

In determining whether the Defendant's conduct was willful, the Court made inquiry into the various methods of obtaining a cable transmission of a pay-per-view event such as the Tyson/Lennox professional boxing match. Based upon the limited methods of obtaining the signal and the high unlikelihood that an individual or commercial establishment would receive fortuitously such a transmission, the Court **FINDS** Defendant willfully pirated the signal for purposes of direct or indirect commercial advantage and private financial gain.

In its motion for default judgment, Plaintiff sought $10,000 for each statutory violation plus an additional $150,000 based on allegedly willful violations of §§ 605 and 553, as well as attorney's fees and costs. At the evidentiary hearing, however, Plaintiff advised the Court that the average award in similar cases is $10,000 and submitted $10,000 would be a reasonable award in the present case.

In support of its request for damages in the sum of $10,000, Plaintiff submitted, through the affidavit of Marcus Corwin, that Defendant would normally have to pay a licensing fee of $17.50 multiplied by Defendant's maximum occupancy. Plaintiff estimates Defendant's maximum occupancy is 100 to 115 people.[2]

The sum of $17.50 multiplied by 100 and 115 patrons provides a licensing fee range of $1,750 to $2,012.50. Based on Defendant's wilful actions, Plaintiff then urged the Court to multiply this range by a factor 5, rendering a judgment range of $8,750 to $10,0062.

Based on an estimated maximum occupancy of 100, the Court **FINDS** and **CONCLUDES** Plaintiff suffered actual damages in the amount of $1,750. Because the Defendants willfully violated 47 U.S.C. § 605 and 553, the Court multiplies Plaintiff's actual damages by a factor of 5 for a damage award of **$8,750.**

Plaintiff also requests attorneys fees and costs in the amount of $3, 967.24[3] pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C). The Court has examined counsel William Bands' affidavit in support of Plaintiff's requests for attorney fees and **FINDS** those fees to be reasonable. Accordingly, Plaintiff's judgment shall include also an award for reasonable attorney's fees and costs in the amount of **$3,967.24.**

Based on the foregoing, Plaintiff's motion for default judgment and inquiry into damages is **GRANTED** and judgment will be entered in favor of the Plaintiff in the total amount of **$12,717.24.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order Granting Default Judgment and Awarding

---

2. According to Plaintiff, the Fire Marshall determines maximum occupancy at a rate of 1 person per 15 square feet. Upon visual inspection of the premises, Plaintiff estimated that Defendant's establishment measures 1500 to 1700 square feet. Utilizing the Fire Marshall's equation, the Defendant's establishment would have a maximum occupancy is 100 to 115 people.

3. In its motion for default judgment, Plaintiff submitted the affidavit of William Bands detailing time and expense dedicated to the case through June 18, 2001. At that time, attorneys fees and costs totaled $3,737.24. Since that time, attorneys William Bands and Damon Ellis spent 2 hours preparing for and attending the evidentiary hearing on September 17, 2001, for an additional $230.00 in attorney's fees.

Damages to counsel of record and *pro se* parties by first class mail.